Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
**PANEL XII**

| VS PR, LLC<br><br>Apelada<br><br>v.<br><br>ORC MIRAMAR CORPORATION; Y OTROS<br><br>Apelantes<br><br>. | KLCE202500317 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: SJ2021CV01553<br><br>Sobre: COBRO DE DINERO, ORDINARIO Y OTROS |
|---|---|---|

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Candelaria Rosa y la Jueza Díaz Rivera.

Grana Martínez, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 30 de abril de 2025.

ORC Miramar Corporation y otros, en adelante los peticionarios u ORM, solicitan que revisemos la denegatoria del Tribunal de Primera Instancia a la *Moción Solicitando Relevo de orden de fijación de fianza de no residente por nulidad a tenor con la Regla 49.2 de las de Procedimiento Civil.* Por su parte, la recurrida, VS PR, LLC., presento su oposición al recurso.

El 4 de abril de 2025 declaramos No Ha Lugar, la *Urgente Moción en Auxilio de Jurisdicción* que presentó la peticionaria solicitando la paralización de los procesos ante el foro primario mientras se atendía la solicitud que nos ocupa. Igualmente declaramos no ha lugar, la solicitud de consolidación del pleito de epígrafe con los recursos KLAN20250128 y KLCE20250338.

I

Los hechos esenciales para comprender la decisión que hoy tomamos son los siguientes. El 9 de marzo de 2021 la recurrida

presentó una demanda de cobro de dinero y ejecución de hipoteca y otros gravámenes contra la peticionaria.[1] VS PR, LLC., en adelante VS, acompañó con la demanda una solicitud para que se le impusiera el pago de una fianza de no residente al amparo de la Regla 69.5 de Procedimiento Civil, 32 LPRA Ap. V.[2] El 11 de marzo de 2021 el TPI notificó la orden en la que impuso a la recurrida el pago de una fianza de mil dólares ($1,000.00). Así las cosas, el 12 de marzo de 2021, la recurrida envió a la peticionaria los formularios de renuncia a los emplazamientos por correo certificado con acuse de recibo, copia de la demanda con los anejos correspondientes y copia de la solicitud de fianza. Cuatro días después, el 16 de marzo de 2021, VS pagó mil dólares en concepto de la fianza de no residente. El 7 de abril de 2021 la recurrida solicitó la expedición urgente de los emplazamientos, debido a que la peticionaria no renunció dentro del término establecido en la Regla 4.5 de Procedimiento Civil, 32 LPRA Ap. V. Según la recurrida ese término venció el 2 de abril de 2021. El 23 de julio de 2021 la peticionaria contestó la demanda y presentó una reconvención y demanda de tercero. Posteriormente enmendó su contestación, así como la demanda de tercero y la reconvención. No obstante, no fue hasta más de dos años después, específicamente, el 20 de octubre de 2023, que la peticionaria objetó la fianza de no residente y solicitó fianza adicional. Alegó que la fianza impuesta era insuficiente y que el pleito debía paralizarse hasta que la recurrida cumpliera con su pago. Según ORM la solicitud de fianza adicional debía ser considerada, antes que las mociones de sentencia sumaria y solicitud de remedios provisionales presentadas por la recurrida.[3] El

---

[1] Véase Demanda, páginas 1 a 17 del apéndice.
[2] Véase Solicitud al Amparo de la Regla 69.5 de Procedimiento Civil, páginas 182 a 183 del apéndice.
[3] Véase Urgente Moción para que se Imponga una Fianza Adicional al Amparo de la Regla 69.5 y Solicitud de Paralización de los Procedimientos, páginas 247 a 259 del apéndice.

6 de noviembre de 2023 la recurrida se opuso. Posteriormente ambas partes presentaron otros escritos en apoyo a sus respectivas posiciones. Finalmente, el 16 de enero de 2025, el TPI declaro NO HA LUGAR la solicitud de fianza adicional. El 31 de enero de 2025 insistió la peticionaria mediante la presentación de una *Moción Solicitando Relevo de Orden de Fijación de Fianza de No Residente por Nulidad, a Tenor con la Regla 49.2 de las de Procedimiento Civil.* El 11 de marzo de 2025 el TPI declaró no ha lugar, la solicitud de relevo de fianza.  Inconforme, la peticionaria presentó este recurso en el que alega que:

> Erró el TPI al **(A)** no ordenar el relevo de la O*rden* del 11 de marzo de 2021 mediante la cual se ordenó la prestación de fianza de no residente y **(B)** al no ordenar el relevo de la *Orden* del 17 de marzo de 2021 dándose por enterado de la alegada prestación de fianza de no residente por parte de la demandante, dado que ambas órdenes son radicalmente nulas por los siguientes fundamentos **(1)** las Órdenes son nulas bajo la doctrina de falta de parte indispensables, porque ambos se dictaron en ausencia de las comparecientes, **(2)** las Órdenes son nulas bajo la doctrina de Órdenes *Ex Parte,* **(3)** las Órdenes son nulas bajo la doctrina del debido proceso de ley en su vertiente procesal porque **(a)** fueron dictadas sin haberse brindado a las comparecientes la oportunidad de ser oídas y de defenderse de manera real y oportuna y **(b)** las mismas nunca fueron adecuada y oportunamente notificadas a las partes comparecientes, no teniendo efectividad jurídica y careciendo de validez.

## II

El certiorari es un recurso extraordinario, mediante el cual un foro judicial apelativo puede revisar a su discreción una decisión de un tribunal recurrido. 32 LPRA sec. 3491; *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023); *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021); *800 Ponce de León v. AIG,* 205 DPR 163, 174 (2020); *Mun. Caguas v. JRO Construction Inc.,* 201 DPR 703, 710 (2019). Aunque la característica principal del recurso de certiorari es su carácter discrecional, tal

determinación no es irrestricta, porque está sujeta a los criterios señalados en la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V.

La Regla 52.1 ha sufrido modificaciones desde el año 2009 para expandir el marco discrecional que ostentan los foros revisores en la expedición del recurso. La Ley 220-2009 expandió el alcance de la revisión de las resoluciones interlocutorias del Tribunal de Primera Instancia a decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia. Posteriormente, la Ley 177-2010, aumentó nuevamente el marco revisor de las órdenes o resoluciones del Tribunal de Primera Instancia al incluir situaciones excepcionales en casos que revisten el interés público o en los que esperar a la apelación constituiría un fracaso irremediable de la justicia.

Así las cosas, en la actualidad, la Regla 52.1 de Procedimiento Civil, *supra,* específicamente dispone que el recurso de certiorari solamente será expedido:

> [p]ara revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.
>
> Al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 sobre los errores no perjudiciales.

Ahora bien, acreditada nuestra jurisdicción para expedir el recurso al amparo de la Regla 52.1 de Procedimiento Civil, *supra,* aún debemos auscultar los criterios de la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40. Tales criterios guían nuestro análisis discrecional sobre la decisión de intervenir con la resolución u orden interlocutoria recurrida. Nuestro ordenamiento jurídico no favorece la intromisión a destiempo con las resoluciones interlocutorias del foro primario, porque entre otras cosas podrían alterar el manejo diligente de los casos. Así las cosas, la Regla 40, *supra,* dispone que:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:
>
> A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B) Si la situación de los hechos planteada es la más indicada para analizar el problema.
>
> C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto de la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, por los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Como mencionáramos anteriormente, la característica distintiva de este recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. *IG Builders et al. v. BBVAPR,* 185 DPR 307, 338 (2012). Sin embargo, la discreción no opera en el vacío y en ausencia de parámetros que la encaminen. El foro apelativo cuenta con los

criterios enumerados en dichas reglas para asistirlo y determinar si en un caso en particular procede que se expida el auto discrecional de certiorari. *BPPR v. SLG Gómez-López,* 213 DPR 314, 337 (2023).

Puntualizamos que, no se favorece la revisión de asuntos interlocutorios en ausencia de los criterios mencionados. *800 Ponce de León Corp. v. American International Insurance Company of Puerto Rico,* 205 DPR 163, 175-176 (2020); *IG Builders et al. v. BBVAPR,* supra, pág. 338. El permitir recurrir de las diversas resoluciones dictadas en los procedimientos judiciales que culminaran en una sentencia final, representa un inconveniente para el desenvolvimiento lógico y funcional del proceso, porque interrumpe la marcha ordenada del proceso litigioso. *Medina Nazario v. McNeil Healthcare LLC,* 194 DPR 723, 730 (2016).

Por último, es pertinente enfatizar que se ha resuelto que el denegar la expedición de un auto de certiorari no constituye una adjudicación en los méritos, sino que "es corolario del ejercicio de la facultad discrecional del foro apelativo intermedio para no intervenir a destiempo con el trámite pautado por el foro de instancia. *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 98 (2008). La parte afectada con la denegatoria de expedirse el auto de certiorari, tiene a su favor el revisar el dictamen final en el que el foro primario resolvió la causa de acción. *Negrón Placer v. Sec. de Justicia,* 154 DPR 79, 93 (2001); *Bco. Popular de P.R. v. Mun. de Aguadilla,* 144 DPR 651, 658 (1997).

### III

La peticionaria solicita que revisemos el rechazo del Tribunal de Primera Instancia a una *Moción Solicitando Relevo de orden de fijación de fianza de no residente por nulidad a tenor con la Regla 49.2 de las de Procedimiento Civil, supra.* No obstante, no intervendremos en esta etapa procesal con la decisión recurrida

pues la misma no cumple con los criterios claramente definidos de la regla 52 de Procedimiento Civil, supra.

IV

Por lo cual se deniega el recurso de certiorari.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones